1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARLAND PROCTOR,

11            Petitioner,                    No. CIV S-05-2431 MCE DAD P

12        vs.

13   A.P. KANE, Warden

14            Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the

18   petition on the grounds that it is barred by the applicable one-year statute of limitations.

19   Although on December 8, 2006, the court granted petitioner an extension of time to file his

20   opposition to the pending motion to dismiss, petitioner has failed to do so.

21            Respondent provides the following facts and arguments:  On January 23, 1998,

22   petitioner was convicted of  failing to register as a sex offender and failure to provide a change of

23   address.  (Mot. to Dismiss (MTD) at 1.)  Petitioner did not file an appeal from his conviction.

24   (Id.)  Rather, petitioner filed eight post-conviction challenges to his conviction.  The first of these

25   was a petition for a writ of habeas corpus which was not filed with the Sacramento County

26   Superior Court until April 5, 2000.  (Id. at 2; Doc. 1, lodged 11/14/06.)

1

1      Respondent argues that the judgment of conviction against petitioner was entered

2  on January 23, 1998 and the judgment became final sixty days later, on March 24, 1998.  (MTD

3  at 3.)  Thus, the one-year statute of limitations began to run on March 25, 1998 and expired on

4  March 24, 1999.  (Id. at 3-4.)  Since petitioner did not file his first state post-conviction challenge

5  until after the statute of limitations had expired, there is no tolling of the limitations period and

6  petitioner's federal habeas petition must be dismissed as untimely.  (Id. at 4.)

7      The Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted on

8  April 24, 1996.  The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides as

9  follows:

10      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

11      of a State court.  The limitation period shall run from the latest of –

12      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

13      review;

14      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

15      the United States is removed, if the applicant was prevented from filing by such State action;

16

17      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

18      applicable to cases on collateral review; or

19      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

20      diligence.

21      The one-year statute of limitations under the AEDPA begins to run from the date

22  the judgment became final by the conclusion of direct review or the expiration of the time for

23  seeking such review.  28 U.S.C. § 2244(d)(1)(A).

24      Section 2244(d)(2) provides that the time during which a properly filed

25  application for State post-conviction or other collateral review with respect to the pertinent

26  judgment or claim is pending shall not be counted toward any period of limitation under this

1    subsection.  See Corjasso v. Ayers, 278 F.3d 874, 879 (9th Cir. 2002) ("by its plain terms

2    § 2244(d)(2) requires tolling during the pendency of a properly-filed state petition.")

3              The court finds respondent's argument persuasive.  The statute of limitations

4    expired on March 24, 1999, one year after petitioner's judgment of conviction became final.

5    Petitioner's eight post-conviction challenges did not toll the statute of limitations because they

6    were all filed after the statute of limitations had expired.  See Fergusen v. Palmateer, 321 F.3d

7    820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the

8    limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d

9    478, 482 (9th Cir. 2001) ("Here, in contrast, Jiminez filed his state habeas petition on March 3,

10   1998, well after the AEDPA statute of limitations ended.  That delay resulted in an absolute time

11   bar to refiling after his state claims were exhausted."); see also Amavisca v. Scribner, No. CV F

12   05-1632 SMS HC, 2006 WL 3635461, at *3 (E.D. Cal. Dec. 8, 2006) ("The filing of a state

13   collateral action after expiration of the limitations period does not restart the clock at zero or

14   otherwise save a claim from being time-barred.  In other words, once the statute has run, a

15   collateral action cannot revive it.").  Therefore, respondent's motion to dismiss the petition

16   should be granted.

17             Accordingly, IT IS HEREBY RECOMMENDED that:

18             1.  Respondent's November 13, 2006 motion to dismiss this action as barred by

19   the statute of limitations, be granted; and

20             2.  This action be dismissed.

21             These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23   days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   shall be served and filed within ten days after service of the objections.  The parties are advised

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: May 23, 2007.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:4
    proc2431.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26